UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN R. TROMINSKI, THE REGENTS
OF THE UNIVERSITY OF MICHIGAN,
a Michigan constitutional corporation, on
behalf of its health system, and HURON
VALEEY-SINAI HOSPITAL, a Michigan
non-profit corporation,

        Plaintiffs,

CASE NO. 02-73176
HON. LAWRENCE P. ZATKOFF

v.

BUSINESS INTERLINK SERVICES, INC.,
a Michigan corporation, VINCENT I. MANZO,
and BUSINESS INTERLINK SERVICES, INC.
EMPLOYEE HEALTH BENEFIT PLAN,
Jointly and Severally,

        Defendants.

_____/

**ORDER DENYING PLAINTIFF'S REQUEST FOR COSTS AND ATTORNEY'S FEES**

**I. INTRODUCTION**

This matter is before the Court on Plaintiffs' request for costs and attorney's fees, contained in the underlying motion Motion to Overturn Administrative Decision. The Court granted Plaintiffs' Motion in part. However, despite a previous notice from the Court, Plaintiffs failed to provide evidence supporting their request for costs and attorney's fees. The Court gave Plaintiffs "one final opportunity" to supply the Court with evidence supporting their request. For the reasons set forth below, Plaintiff's request for costs and attorney's Fees is DENIED.

## II. BACKGROUND

Plaintiffs filed the present action under 29 U.S.C. § 1132 of the Employee Retirement Income Security Act (hereinafter "ERISA"). On June 24, 2005 the Court granted in part Plaintiffs' Motion to Overturn Administrative Decision. After analyzing the administrative record, the Court determined that Defendants' denial of Mr. Trominski's claim was "arbitrary and capricious." On July 11, 2005, Plaintiffs filed a memorandum in support of their request for attorney's fees. Defendants filed a response.

## III. LEGAL STANDARD

In an action brought under ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). In determining whether to award attorney's fees and costs, the Sixth Circuit has adopted a five factor test (the *King* factors) where it examines:

> 1) the degree of the opposing party's culpability or bad faith; 2) the opposing party's ability to satisfy an award of attorney's fees; 3) the deterrent effect of an award on other persons under similar circumstances; 4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and 5) the relative merits of the parties' positions.

*See Hoover v. Provident Life and Acc. Ins. Co.*, 290 F.3d 801, 809 (6th Cir. 2002). The factors are flexible, and need not be parsed as though they were statutory. *Foltice v. Guardsman Products, Inc.*, 98 F.3d 933, 937 (6th Cir. 1996). However, the Sixth Circuit does require the district court to "consider each factor before exercising its discretion." *Schwartz v. Gregori*, 160 F.3d 1116, 1119 (6th Cir. 1998).

## IV. ANALYSIS

In response to the Court's invitation to address the King factors, Plaintiffs provide a cursory analysis of the first, third, fourth, and fifth factors. However, no information is provided regarding the second, Defendants' ability to pay. Plaintiffs state that not all the factors apply, but offer no authority for this proposition. The Court is required to evaluate every factor, but has no information with which to evaluate Defendants' ability to pay.[1] Therefore, the Court must deny Plaintiffs' request.[2]

## V. CONCLUSION

The Court hereby DENIES Plaintiffs' request for costs and attorney's fees.

IT IS SO ORDERED.

                                      s/Lawrence P. Zatkoff
                                      LAWRENCE P. ZATKOFF
                                      UNITED STATES DISTRICT JUDGE

Dated: September 2, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 2, 2005.

                                      s/Marie E. Verlinde
                                      Case Manager
                                      (810) 984-3290

---

[1] The Third Circuit, which uses an identical five factor test, has held it was error for a district court to award attorney's fees without considering the party's ability to pay. *Martorana v. Board of Trustees*, 404 F.3d 797, 805 (3d Cir. 2005).

[2] There are additional problems with Plaintiffs' request. Plaintiffs request costs of $2,886.78, yet only provide support for costs of $1,046.24. Also, as noted by Defendants, attorney's fees during the administrative phase are not recoverable. *Anderson v. Procter & Gamble Co.*, 220 F.3d 449, 456 (6th Cir. 2000). However, the records submitted by Plaintiffs include fees incurred during the administrative phase.